UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LISA MARIE CHAMPION,                        Case No. 16-12924

        Plaintiff,                         SENIOR U.S. DISTRICT JUDGE
v.                                         ARTHUR J. TARNOW

COMMISSIONER OF SOCIAL SECURITY,           U.S. MAGISTRATE JUDGE
                                           ELIZABETH A. STAFFORD
        Defendant.
_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION [23], GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17], DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [21], OVERRULING DEFENDANT'S
OBJECTION [24]**

On August 4, 2017, Magistrate Judge Stafford issued a Report and

Recommendation (R&R) [23], recommending that Plaintiff's Motion for Summary

Judgment [17] be granted and, accordingly, that Defendant's Motion for Summary

Judgment [21] be denied. Defendant filed an objection [24] on August 10, 2017,

and Plaintiiff filed a response [25] on August 22, 2017. For the reasons stated

below, the R&R [23] is **ADOPTED** and is entered as the findings and conclusions

of the Court, and Defendant's objection [24] is **OVERRULED**. Plaintiff's Motion

for Summary Judgment [17] is **GRANTED** and Defendant's Motion for Summary

Judgment [21] is **DENIED.**

STATEMENT OF FACTS

The Magistrate Judge summarized the administrative record of Plaintiff's

disability application as follows:

> Born December 29, 1967, Champion was 45 years old when she submitted
> her application for disability benefits in September 2013. [ECF No. 11-2, Tr.
> 38; ECF No. 11-5, Tr. 143]. She received her GED and nursing assistant
> training from the American Red Cross. [ECF No. 11-2, Tr. 39-40].
> Champion's past relevant work was classified as a receptionist and
> sorter/gauger. [ECF No. 11-2, Tr. 60]. Champion alleges a disability onset
> date of September 1, 2011. [ECF No. 11-2, Tr. 35; ECF No. 7-3, Tr. 75].
> Her last insured was December 31, 2014. [ECF No. 7-2, Tr. 14].
>
> After a hearing on May 6, 2015, during which Champion and a vocational
> expert (VE) testified, the ALJ found that Champion was not disabled. [ECF
> No. 11-2, Tr. 17-27, 32-81]. The Appeals Council denied review, making the
> ALJ's decision the final decision of the Commissioner. [Id., Tr. 1-3].
> Champion timely filed for judicial review. [ECF No. 1].
>
> …Applying [the five—step disability analysis] the ALJ concluded that
> Champion was not disabled. At the first step, she found that Champion had
> not engaged in substantial gainful activity during the relevant period. [ECF
> No.11-2, Tr. 19]. At the second step, she found that Champion had the
> severe impairments of "history of traumatic brain injury with left temporal
> fracture, hearing loss on the right side, multi-level disc bulges of the lumbar
> spine status post anterior lumbar interbody fusion and instrumentation
> resulting in chronic pain and post laminectomy syndrome." [Id.]. Next, the
> ALJ concluded that none of her impairments, either alone or in combination,
> met or medically equaled the severity of a listed impairment. [Id., Tr. 18].
>
> Between the third and fourth steps, the ALJ found that Champion had the
> RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),
> except that:
>
>> [S]he could only occasionally climb stairs, crouch, crawl, kneel,
>> stoop or bend; should avoid workplace hazards, such as moving
>> machinery, unprotected heights and, as such, should not climb
>> ladders, ropes, or scaffolding; is limited to work that is low stress

which does not require any complex decisions but, rather, involves only simple decisions; and, needs a job which allows for the opportunity to alternate between sitting and standing while engaging in the work, as desired.

[ECF No. 11-2, Tr. 22]. At step four, the ALJ found that Champion was capable of performing her past relevant work as a reception and sorter/gauger. [Id., Tr. 26]. This rendered a finding that Champion was not disabled during the relevant period. [Id., Tr. 27].

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Judicial review of a decision by an Administrative Law Judge ("ALJ") is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

ANALYSIS

Defendant raises only one objection to the R&R. She argues that the ALJ reasonably rejected Dr. Peter's work absence limitation and that the Magistrate Judge erred by finding this rejection to be an error.

The decision to remand was based on the Magistrate Judge's finding that:

> The ALJ did not adopt Dr. Peter's opinion, as her assessment of Champion's RFC is inconsistent with Dr. Peter's in important respects, including Champion's ability to sit for more than two hours, lift ten pounds, and work in even a low stress environment, and because the ALJ imposed no limitation on her ability to move her neck and head. And while the Commissioner appears to be arguing that the ALJ indirectly attacked portions of Dr. Peter's opinion, she did not make that case; the Commissioner simply referred to two pages of the ALJ's decision and asserted that good reasons were contained therein.

[23 at 16-17]. Further, the Magistrate Judge expressly stated that despite her finding that the failure of the ALJ to provide good reasons for not fully crediting Dr. Peter's opinion was not harmless error, "the ALJ was not required to give controlling weight to Dr. Peter's opinion that Champion would miss days of work." [23 at 17, n. 3]. The decision to remand was not based on the ALJ's treatment of the missing days of work issue; in fact, the Magistrate Judge clearly agrees with Defendant on the issue of the missing work days. Therefore, the objection is overruled because Defendant is objecting to a finding that was not made by the Magistrate Judge.

## CONCLUSION

The Court having reviewed the record in this case, the R&R [23] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [17] is **GRANTED** and Defendant's Motion for Summary Judgment [21] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's objection [24] is **OVERRULED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

**SO ORDERED**.


                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: September 25, 2017          Senior United States District Judge